**Morris SKLARSKY**

v.

**UNITED STATES.**

No. 49934.

United States Court of Claims.

March 7, 1958.

PER CURIAM.

On July 12, 1957, the court rendered an opinion, 153 F.Supp. 796, together with findings of fact, holding that the plaintiff was entitled to recover and entering judgment to that effect. The determination of the amount of recovery was reserved pending further proceedings pursuant to Rule 38(c), 28 U.S.C.A.

On January 3, 1958, the commissioner of this court filed a memorandum report recommending that, in accordance with the opinion of the court, judgment be entered in favor of the plaintiff in the sum of $181,640.05; to which the defendant on January 8, 1958, filed exceptions. Plaintiff's reply to these exceptions was filed January 17, 1958. Upon consideration thereof,

It is ordered this seventh day of March, 1958, that judgment be and the same is entered for the plaintiff in the sum of $175,670.42, together with interest thereon as provided by law, and

It is further ordered that the first sentence of the first paragraph on page four of the slip opinion of July 12, 1957, [153 F.Supp. 797, Col. 2] be and the same is amended so as to read as follows:

"We think the $15,000 withdrawn by Danny from the 1944 partnership, which was intended to be later used to pay for the shares of his brothers, Bernard and Samuel, was taxable to Morris," and

It is further ordered that the last paragraph on page seven [153 F.Supp. 800, Col. 1] be amended so as to read as follows:

"We conclude that in 1944 there was a valid family partnership composed of Morris as general partner and Jennie and Danny as limited partners and that the income attributed to Jennie and Danny which the Government redistributed to Morris alone is taxable to the respective limited partners, except for the distribution of $15,000 to Danny, which Morris allegedly held for Danny and which was to be used for the capital contribution of Bernard and Samuel in the succeeding partnership, which amount is taxable to Morris," and

It is further ordered that the first paragraph on page eight [153 F.Supp. 800, Col. 2, par. 1] be amended in that the period at the end is to be changed to a comma with the following to be added:

"with the exception of $10,000 which was charged to Danny's capital account to pay for the capital contribution of Irwin upon his admission to the 1945 partnership (finding 14 (b) (c)). This $10,000 is in precisely the same position as the $15,000 of Danny's income accumulations which Morris used to provide for the admission into the 1944 partnership of Bernard and Samuel as to which we have concluded it was income taxable to Morris. In effect, Morris actually controlled the disposition of Danny's income to the extent of $10,000 and must be taxed as though it were his income."